UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:12-cv-01656-JMS-TAB |
| | ) | |
| GONZALO MANUEL, INDIVIDUALLY AND D/B/A | ) | |
| LA ESTRELLA NIGHT CLUB, AND J A G EN- | ) | |
| TERPRISES, INC., D/B/A LA ESTRELLA NIGHT | ) | |
| CLUB, | ) | |
|     *Defendants*. | ) | |

**ORDER**

Presently pending before the Court is Plaintiff J&J Sports Productions, Inc.'s ("J&J") Request for Entry of Default against Defendants Gonzalo Manuel, individually and doing business as La Estrella Night Club ("La Estrella"), and J A G Enterprises, Inc., doing business as La Estrella ("J A G"). [Dkt. 20.]

J&J's Request for Entry of Default suffers from several issues. First, the Request as to Mr. Manuel individually is deficient because the affidavit submitted with the Request, [dkt. 20-1], fails to comply with the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. Appx. § 521. If J&J does not know Mr. Manuel's military status, it should consult the website that the Department of Defense maintains to enable the public to comply with the Act.

Second, the Court cannot discern from the Proof of Service filed by J&J whether Mr. Manuel was served at his place of residence or at his place of business. The Proof of Service lists Mr. Manuel's address as 4010 High School Road, Indianapolis, Indiana 46254, [dkt. 12], but this is also the address listed in the Complaint for La Estrella, [dkt. 1 at 2, ¶ 7]. It is improper for J&J to serve Mr. Manuel individually by leaving a copy of the summons and complaint at his place of business, and the Court notes that J&J has attempted to obtain entries of default against

- 2 -

individuals based on this improper service method in several other cases. Accordingly, further attempts to obtain a Clerk's entry of default against Mr. Manuel must be supported by a proof of service or affidavit that specifies whether Mr. Manuel was served at his residence, or at La Estrella.

As to service on J A G, the Court again notes that it cannot tell where service took place. [*See* dkt. 13 (listing address as 4010 High School Road, Indianapolis, Indiana 46254, but including identical language as in the Proof of Service for Mr. Manuel individually ("I left the summons at the individual's residence or usual place of abode with…left on front door….").] If J&J has served J A G by serving Mr. Manuel at his place of residence, it must provide assurances for the Court that it has complied with Ind. Trial R. 4.6(B) ("Service [on an organization] shall be made on the proper person in the manner provided by these rules, for service upon individuals, but a person seeking service or his attorney shall not knowingly direct service to be made at the person's dwelling house or place of abode, unless such is an address furnished under the requirements of a statute or valid agreement, or unless an affidavit on or attached to the summons states that service in another manner is impractical").

Accordingly, J&J's Request for Entry of Default, [dkt. 20], is **DENIED**.

01/28/2014

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**