UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br>     *Plaintiff*, <br> <br>     *vs*. <br> <br> GONZALO MANUEL, INDIVIDUALLY AND D/B/A LA ESTRELLA NIGHT CLUB, AND J A G ENTERPRISES, INC., D/B/A LA ESTRELLA NIGHT CLUB, <br>     *Defendants.* | 1:12-cv-01656-JMS-TAB |

## **ORDER TO SHOW CAUSE**

On December 3, 2013, the Court issued an Order to Show Cause which directed Plaintiff J&J Sports Productions, Inc. ("J&J") to show cause why the Court should not dismiss this action without prejudice for failure to prosecute. [Filing No. 14.] When J&J failed to respond to the Order to Show Cause, the Court dismissed the case. [Filing No. 15.] Subsequently, J&J filed a Motion for Relief From Judgment in which it set forth the reasons why it failed to prosecute the action and respond to the Order to Show Cause. [Filing No. 17.] The Court granted J&J's Motion for Relief From Judgment, [Filing No. 19], and on December 26, 2013 J&J filed a Request for Entry of Default against Defendants Gonzalo Manuel, individually and d/b/a La Estrella Night Club, and J A G Enterprises, Inc., d/b/a Estrella Night Club ("J A G"), [Filing No. 20.] On January 28, 2014, the Court denied J&J's Request for Entry of Default for a number of reasons, including that it did not appear service on either Mr. Manuel or J A G was proper. [Filing No. 21.] No activity has taken place in this case since the Court's January 28, 2014 Order.

J&J filed the Complaint in this case in November 2012, and essentially nothing has happened. Due to this inactivity, which has continued despite the previous Order to Show Cause, J&J must **SHOW CAUSE** by **June 20, 2014** why the Court should not dismiss this action with-

out prejudice for failure to prosecute. See *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

The Court has expended valuable resources in giving J&J every chance to pursue this litigation. This will be the last chance. See *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) ("[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible") (quotation omitted). Any response to this Order must include a proposed schedule to promptly resolve this action. A failure to respond will be deemed consent to a dismissal without prejudice

06/13/2014

                                                 Hon. Jane Magnus-Stinson, Judge
                                                 United States District Court
                                                 Southern District of Indiana

**Distribution via ECF to all counsel of record**